IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01449-RBJ-KLM

THOMAS CORTEZ, a Colorado resident,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Judgment on the Pleadings** [Docket No. 10; Filed June 14, 2011] (the "Motion").  The Motion is referred to this Court for recommendation [#32].  Defendant submitted a Response in opposition to the Motion on July 5, 2011 [#11], and Plaintiff filed a Reply on July 19, 2011 [#13].  The Court has reviewed the briefing, the case file, and the applicable law, and is fully advised in the premises.  For the reasons stated below, the Court respectfully **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

### I. Summary of the Case

Defendant removed this lawsuit from Denver District Court on June 2, 2011 [#1].  Plaintiff initiated the case on April 13, 2011, and brings three claims against Defendant: 1) breach of contract; 2) first party claims pursuant to Colo. Rev. Stat. §§ 10-3-1115 (unreasonable delay or denial or insurance claim) and 1116 (corresponding remedy); and 3) breach of implied covenant of good faith and fair dealing and common law insurance bad

1

faith. *See Compl.*, [#2]. Plaintiff requests compensatory damages, pre- and post-judgment interest, specific performance of the insurance contract, double damages, attorney's fees, and costs. *Id.* at 12.

The underlying facts arise from an auto accident that occurred on January 20, 2010. *Id.* at 2. Plaintiff was rear-ended by another driver, and as a result, sustained injuries to his back. *Id.* Plaintiff attests that, as treatment for his alleged back injuries, he underwent spinal fusion surgery on March 26, 2010. *Id.*

At that time, Defendant provided insurance coverage, including underinsured and uninsured motorist coverage, to Plaintiff's presumed wife. *Id.* Plaintiff contends that the policy purchased by his wife applied to him. *Id.* Plaintiff, through counsel, requested coverage from Defendant, which was alternately rejected and awarded in a series of letters which commenced in March 2010. *Id.* at 3 (citing exhibits). Plaintiff asked for the underinsured policy limits as compensation for his surgery and other expenses related to his back injury. *Id.* at 4. Ultimately, Plaintiff contends that Defendant "extended an anemic offer" that under-valued his claim. *Id.* at 4, 5. Thus, Plaintiff initiated the instant action.

In his Motion, Plaintiff asserts that the factual allegations in his Complaint, supported by the referenced and attached exhibits, demonstrate that he is entitled to judgment in his favor based only on the pleadings. *See* [#10]. Plaintiff states that the back surgery he endured after the accident cost him more than $150,000. *Id.* at 1. Plaintiff contends he settled with the tortfeasor's insurance for policy limits of $50,000, of which Defendant was aware. *Id.* Despite this knowledge, Plaintiff avers that Defendant offered him only $2,500 for his claim, based on Defendant's position that the back surgery was not necessitated by the accident. *Id.* at 1-2. Plaintiff believes that these facts stand uncontroverted and prove his entitlement to judgment in his favor. *See id.*

Defendant challenges Plaintiff's Motion as "frivolous and groundless." [#11] at 1. Defendant argues that significant issues of material fact exist as to Plaintiff's claims, including the following: whether Plaintiff suffered damages resulting from the accident; whether Plaintiff's back surgery was a result of injury from the accident; whether Plaintiff provided necessary records to Defendant during Defendant's evaluation of Plaintiff's claim; and whether Plaintiff had back pain or injury preceding the accident. *Id.* at 2. Defendant advises the Court that it must accept the averments in the Answer as true, and as such, "there are clearly several disputed issues of material fact in this case," which is also evidenced by the letters attached to Plaintiff's Complaint as exhibits. *Id.* at 4.

In his Reply, Plaintiff reiterates his assertions stated in the Motion. [#13]. Notably, since the briefing on the Motion has been complete, both parties have filed motions seeking leave to amend their pleadings. *See* [##26, 29]. Plaintiff would like to add "reformation claims and corresponding factual allegations." [#26] at 1. Defendant requests leave to deny that Plaintiff is insured pursuant to the policy issued to his alleged wife, on the basis that Defendant believes Plaintiff was not married to the policy holder at the time of the accident. [#29] at 3. Both motions are opposed, and responses have not yet been filed.

## II. Analysis

The purpose of a Rule 12(c) motion is "to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings." *Kellar v. U.S. Dep't of Veteran's Affairs*, No. 08-cv-00761-WYD-KLM, 2009 WL 1706719, at *1 (D. Colo. June 17, 2009) (citing 5C Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1367 (3d ed.)). Generally, a motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same legal standard as a motion for failure to state a claim

made pursuant to Fed. R. Civ. P. 12(b)(6). *Mock v. T. G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). However, "[a] motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Kellar*, 2009 WL 1706719 at *1 (internal quotation and citation omitted).

When reviewing a Rule 12(c) motion, "all well-pleaded material allegations of the opposing party's pleading[s] are to be taken as true, and all allegations of the moving party [that] are denied are taken as false." *Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995) (citation omitted). "Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted).

Here, Plaintiff's Motion is most accurately interpreted as an attempt to achieve judgment in his favor by expecting the Court to accept his allegations and exhibits as true and indisputable. Unsurprisingly, doing so would be completely contrary to the American adversarial system of justice, and frankly, would be a dream come true for many (if not all) plaintiffs. It is quite clear from Defendant's Answer that few material allegations stated in the Complaint (supported by exhibits or otherwise) stand admitted or uncontroverted, based on the pleadings alone. *See* [#4]. Further, it is evident that the questions before the Court are not limited to questions only of law, considering the parties' contrary positions as to the necessity of Plaintiff's back surgery (which will likely require evaluation of opposing expert testimony), and as to whether the policy provides coverage to Plaintiff in the first place (which is difficult to determine without review of the policy at issue, or in light of Defendant's position that Plaintiff has not been forthright about his presumed marriage). Judgment on

the pleadings under these circumstances is simply unsupported and inappropriate.

### III. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#10] be **DENIED**.

The Court further **RECOMMENDS** that Defendant's request for fees and costs incurred by filing its Response to the Motion be **DENIED WITHOUT PREJUDICE**. Defendant premises this request on Fed. R. Civ. P. 11. [#11] at 13. Pursuant to Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Defendant has made no such showing.

That said, the Court notes that counsel for Plaintiff obviously does not grasp the standard of review implicated by Fed. R. Civ. P. 12(c).  If counsel for Plaintiff had adequately researched this request for relief before filing it, his research should have revealed that "all well-pleaded material allegations of the opposing party's pleading[s] are to be taken as true."  *Hamilton*, 880 F. Supp. at 1410 (citation omitted).  In light of this standard, counsel for Plaintiff should have realized that the filing of his Rule 12(c) Motion on the presented grounds would be (and indeed, was) wasteful not only of his own time, but also of counsel for Defendant's time, and further, of the Court's time.  Counsel for Plaintiff is well-advised to conduct the requisite due diligence regarding the law applicable to the relief he seeks before the filing of any similar motion in the future.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 30, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge